IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| D.S., by and through his mother, CLARENORE S., <br><br> Plaintiffs, <br><br> vs. <br><br><br> DEPARTMENT OF EDUCATION, STATE OF HAWAII, <br><br> Defendant. | CIVIL NO. 12-00533 DKW-RLP <br><br> FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFFS' MOTION FOR ORDER TO SHOW CAUSE |

FINDINGS AND RECOMMENDATION TO GRANT
PLAINTIFFS' MOTION FOR ORDER TO SHOW CAUSE[1]

Before the Court is Plaintiffs' Motion for Order to Show Cause, filed February 24, 2014 ("Motion"). ECF No. 70. The matter came on for hearing on April 8, 2014 at 10:00 a.m. Carl M. Varady, Esq. appeared on behalf of Plaintiffs; Michelle M.L. Puu, Esq. appeared on behalf of Defendant Department of Education, State of Hawaii ("DOE"). After careful consideration of the Motion, the supporting and opposing memoranda, declarations, testimony and arguments present at the hearing, and

---

[1] Within fourteen days after a party is served with a copy of the Findings and Recommendation, that party may, pursuant to 28 U.S.C. § 636(b)(1)(B), file written objections in the United States District Court. A party must file any objections within the fourteen-day period allowed if that party wants to have appellate review of the Findings and Recommendation. If no objections are filed, no appellate review will be allowed.

the record established in this action, the Court FINDS AND RECOMMENDS that the Motion be GRANTED.

## FACTUAL AND PROCEDURAL BACKGROUND

The full factual and procedural background of this Individuals with Disabilities Education Act ("IDEA") case is detailed in the court's November 14, 2013 Order Reversing Administrative Hearings Officer's August 31, 2012 Findings of Fact, Conclusions of Law and Decision and Granting Plaintiffs' Motion for Stay Put ("November Order"). See ECF No. 41 at 2-8.

In the November Order, the district court reversed the decision of the hearings officer and concluded that there was a substantive denial of a free appropriate public education in Student's individual education programs. ECF No. 41 at 17-19. Additionally, the court granted Plaintiffs' motion for stay put, concluding that Loveland Academy is the current educational placement for Student and granting Plaintiffs' request that the DOE make stay put payments from September 2012 "through the conclusion of this case." Id. at 20-27. Notably, Plaintiffs' motion for stay put specifically requested that the DOE be required to make stay put payments from September 2012 "through the present, including the conclusion of this case, and appeals, if any." ECF No. 18-1 at 4, 6-7.

Following the November Order, Plaintiffs filed two motions for attorneys' fees. ECF Nos. 42, 48. The DOE filed a notice of appeal. ECF No. 51. In response to the motions for

attorneys' fees, the DOE filed a motion to stay the proceedings until the conclusion of the appeal.  See ECF No. 57.  The DOE's motion to stay requested that the Court stay its decision on the pending motions for attorneys' fees.  See ECF Nos. 57, 67.  The DOE's motion to stay did not mention the stay put ordered by the district court.  Id.  The Court denied the DOE's motion to stay its decision on the pending motions for attorneys' fees on February 7, 2014, and issued its findings and recommendations to award fees.  ECF No. 69.  The DOE did not object to the findings and recommendation, which were adopted on February 25, 2014.  ECF No. 72.

In the present Motion, filed on February 24, 2014, Plaintiffs assert that the DOE failed to comply with the November Order's stay put requirements, specifically, that the DOE had not made any payments to Loveland Academy for Student's placement from September 2012 to the present.  ECF No. 70.  In its Opposition, the DOE states that it issued a check to Loveland Academy on February 27, 2014, three days after the present Motion was filed, for Student's placement from September 2012 to November 2013.  ECF No. 74.  In their Reply, Plaintiffs note that the DOE continues to refuse to make payments for Student's placement at Loveland Academy after November 2013.  ECF No. 76.  The Court directed the DOE to file a supplemental memorandum addressing payments for Student's placement at Loveland Academy after November 2013.  ECF No. 77.  The DOE filed a supplemental

memorandum stating that the November Order only required the DOE to make stay put payments for Student's placement at Loveland Academy from September 2012 through November 2013, and that once judgment was entered in this court, the DOE had no further obligation to make stay put payments for Student's placement. ECF No. 78.

### DISCUSSION

Civil contempt "consists of a party's disobedience to a specific and definite court order by failure to take all reasonable steps within the party's power to comply." Go-Video, Inc. v. The Mot. Picture Ass'n of Am., 10 F.3d 693, 695 (9th Cir. 1993). Courts have the inherent authority to compel obedience of their lawful orders. Shuffler v. Heritage Bank, 720 F.2d 1141, 1146 (9th Cir. 1983). When seeking a civil contempt award, "[t]he moving party has the burden of showing by clear and convincing evidence that the contemnors violated a specific and definite order of the court. The burden then shifts to the contemnors to demonstrate why they were unable to comply." Stone v. City & Cnty. of San Francisco, 968 F.2d 850, 856 n.9 (9th Cir. 1992) (citations omitted). The contempt "need not be willful," and there is no good faith exception to the requirement that a party obey a court order. Id.

**1. The DOE Violated a Specific and Definite Order of the Court by Failing to Make Stay Put Payments for Student's Placement from September 2012 to November 2013.**

The DOE does not dispute that the November Order required the DOE to make stay put payments to Loveland Academy from September 2012 to November 2013. The DOE issued one check to Loveland Academy for Student's services from September 2012 to October 2013 on February 27, 2014, three days after Plaintiff filed the present Motion. ECF No. 74 at 3. The DOE issued a second check to Loveland Academy for Student's services for November 2013 on March 14, 2014. See ECF No. 76-2. However, the DOE argues that it cannot be held in contempt for its failure to make these payments until February 27, 2014 and March 14, 2014, because the November Order did not specify a time within which to comply. ECF No. 74 at 3.

The Court is not persuaded by the DOE's argument. Although the November Order did not contain a date certain by which the DOE had to make stay put payments, judgment was entered in this case on December 2, 2013. ECF No. 44. The DOE did not present any evidence that it made any effort to comply with the November Order until after Plaintiffs filed the present Motion, more than three months later. The DOE presents no explanation for its decision to wait until after the Plaintiffs filed the present motion before issuing two checks for partial payment.

The DOE did not seek to stay the enforcement of the Court's November Order. As noted above, the motion to stay filed by the DOE only addressed the pending fees motions and made no mention of the stay put payments. The DOE has provided no explanation or justification for its unilateral decision to wait more than three months before making any effort to comply with the November Order. The Court finds that clear and convincing evidence demonstrates that the DOE violated a specific and definite court order by failing to make stay put payments for Student's placement at Loveland Academy for September 2012 through November 2013 until after Plaintiffs filed the present Motion.

**2. The DOE Violated a Specific and Definite Order of the Court by Failing to Make Stay Put Payments for Student's Placement from December 2013 through the Pendency of Appeal.**

The stay put provision of the IDEA "requires the educational agency to maintain a disabled child's educational program until any placement dispute between the agency and the child's parents is resolved." Johnson v. Special Educ. Hearing Office, State of Cal., 287 F.3d 1176, 1179 (9th Cir.2002). Under this provision, "the school district and the state [are] responsible for the costs of [a student's] placement during the court review proceedings regardless of which party prevails in this appeal." Clovis Unified Sch. Dist. v. Cal. Office of Admin. Hearings, 903 F.2d 635, 641 (9th Cir. 1990). After stay put has

6

been ordered, the state is obligated to pay the cost of the student's current educational placement pending the resolution of the judicial proceedings. Joshua A. v. Rocklin Unified Sch. Dist., 559 F.3d 1036, 1040 (9th Cir. 2009).

The DOE presents several arguments regarding why it cannot be held in contempt for its failure to make stay put payments from November 2013 through the present. First, the DOE asserts that the November Order did not require it to make stay put payments after November 2013. ECF No. 78 2-3. The Court finds that this argument is without merit given the express language of the November Order and the relief requested in Plaintiffs' motion for stay put. Second, the DOE argues that because this case has been appealed, the stay put ordered in the November Order expired and any further stay put payments can only be ordered by the Ninth Circuit. The Court also finds that this argument is without merit. In Joshua A. v. Rocklin Unified School District, the Ninth Circuit expressly rejected the school district's argument that a stay put order expired upon the issuance of a final judgment in the district court. 559 F.3d at 1039-40. As the Ninth Circuit stated, "the stay put provision acts as a powerful protective measure to prevent disruption of the child's education throughout the dispute process. It is unlikely that Congress intended this protective measure to end suddenly and arbitrarily before the dispute is fully resolved." Id. at 1040.

The "judicial proceeding" regarding Student's due process hearing is on-going because the DOE has filed a Notice of Appeal. Accordingly, Student is entitled to stay put relief until those proceedings are concluded. See 20 U.S.C. § 1415(j) ("during the pendency of any proceedings conducted pursuant to this section, unless the State or local educational agency and the parents otherwise agree, the child shall remain in the then-current educational placement of the child"); 34 C.F.R. § 300.518 ("during the pendency of any administrative or judicial proceeding regarding a due process complaint notice requesting a due process hearing under § 300.507, unless the State or local agency and the parents of the child agree otherwise, the child involved in the complaint must remain in his or her current educational placement"). Pursuant to the November Order, the DOE is required to maintain Student's placement at Loveland Academy until these proceedings, including all appeals, have concluded. There is no dispute that the DOE has failed to make stay put payments for Student's placement at Loveland Academy after November 2013. Accordingly, the Court finds that clear and convincing evidence demonstrates that the DOE violated a specific and definite court order by failing to make stay put payments for Student's placement at Loveland Academy after November 2013.

### 3. The DOE Did Not Take Every Reasonable Step to Comply and to Articulate Reasons Why Compliance Was Not Possible.

To assess whether an alleged contemnor has taken "every reasonable step" to comply with the terms of a court order, the district court can consider a history of noncompliance, and a failure to comply despite the pendency of a contempt motion. See Stone, 968 F.2d at 856–57. A party's subjective intent and willfulness is irrelevant. See McComb v. Jacksonville Paper Co., 336 U.S. 187, 191 (1949); Donovan v. Mazzola, 716 F.2d 1226, 1240 (9th Cir. 1983). The disobedient party's good faith or intent in attempting to comply does not bar a finding of contempt. Stone, 968 F.2d at 857. If, however, "a defendant's action 'appears to be based on a good faith and reasonable interpretation of (the court's order),' he should not be held in contempt." Vertex Distrib. v. Falcon Foam Plastics, 689 F.2d 885, 889 (C.D. Cal. 1982).

As noted above, the DOE presented no explanation for its choice to not make stay put payments for Student's placement from September 2012 through November 2013 until after the Plaintiffs' filed the present Motion. Despite the pending Motion, the DOE continued to take the position that it was not required to make stay put payments for Student's placement for any time after November 2013. The DOE's argument that its obligations to make stay put payments ended even though it filed a Notice of Appeal is wholly without support in the statute or

9

case law.  The Court finds that the DOE did not take every reasonable action to comply with the November Order and did not base its failure to comply on a good faith reasonable interpretation of the November Order.

**4. Attorneys' Fees and Costs are Appropriate Sanctions.**

Sanctions for civil contempt are imposed to coerce compliance with a court order, to compensate the party pursuing contempt for injuries resulting from the contemptuous behavior, or both.  <u>United States v. United Mine Workers of Am.</u>, 330 U.S. 258, 303–04 (1947).  "Generally, the minimum sanction necessary to obtain compliance is to be imposed."  <u>Whittaker Corp. v. Execuair Corp.</u>, 953 F.2d 510, 517 (9th Cir. 1992).  Where the purpose of the contempt order is to ensure a party's compliance, the court must "consider the character and magnitude of the harm threatened by continued contumacy, and the probable effectiveness of any suggested sanction in bringing about the result desired." <u>Bademyan v. Receivable Mgmt. Servs. Corp.</u>, No. CV 08-00519 MMM (RZx), 2009 WL 605789, at *3 (C.D. Cal. Mar. 9, 2009) (citing <u>Whittaker Corp.</u>, 953 F.2d at 516).

Here, the Court finds that an award of attorneys' fees and costs for Plaintiffs' efforts in bring the present Motion is an appropriate sanction for the DOE's failure to comply with the November Order.  Plaintiffs shall file a supplemental memorandum regarding the attorneys' fees and costs incurred in bringing the

present Motion no later than fourteen days after this Findings and Recommendation is acted upon.  The supplemental memorandum should contain sufficient information for the Court to determine the reasonableness of the work completed and the hourly rate requested.

## CONCLUSION

In accordance with the foregoing, the Court FINDS and RECOMMENDS as follows:

1. Clear and convincing evidence demonstrates that the DOE violated a specific and definite court order by failing to make stay put payments for Student's placement at Loveland Academy from September 2012 to November 2013 until after Plaintiffs filed the present Motion;

2. Clear and convincing evidence demonstrates that the DOE violated a specific and definite court order by failing to make stay put payments for Student's placement at Loveland Academy from November 2013 through the pendency of any appeal;

3. The DOE did not take every reasonable action to comply with the November Order and did not base its failure to comply on a good faith reasonable interpretation of the November Order; and

4. An award of attorneys' fees and costs related to Plaintiffs' efforts in bring the present Motion is an appropriate sanction.  Plaintiffs shall file a supplemental memorandum regarding the attorneys' fees and costs incurred in bringing the

present Motion no later than fourteen days after this Findings and Recommendation is acted upon.  The supplemental memorandum should contain sufficient information for the Court to determine the reasonableness of the work completed and the hourly rate requested.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, APRIL 8, 2014.



_____
Richard L. Puglisi
United States Magistrate Judge


**D.S. V. DEP'T OF EDUC., STATE OF HAW.; CIVIL NO. 12-00533 DKW-RLP; FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFFS' MOTION FOR ORDER TO SHOW CAUSE**