IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| D.S., by and through his mother, CLARENORE S.,<br><br>    Plaintiff,<br><br>  vs.<br><br><br>DEPARTMENT OF EDUCATION, STATE OF HAWAII,<br><br>    Defendant. | CIVIL NO. 12-00533 DKW-RLP<br><br>FINDINGS AND RECOMMENDATION REGARDING AN AWARD OF ATTORNEYS' FEES TO PLAINTIFFS |

FINDINGS AND RECOMMENDATION REGARDING
AN AWARD OF ATTORNEYS' FEES TO PLAINTIFFS[1]

On May 5, 2014, the district court adopted the Findings and Recommendation to Grant Plaintiffs' Motion for Order to Show Cause. ECF No. 82. The Court found that an award of attorneys' fees and costs was an appropriate sanction for Defendant's failure to comply with the November 13, 2013 Order. See ECF No. 81 at 11. The Court directed Plaintiff to file a supplemental memorandum detailing the fees incurred in bringing Plaintiffs' Motion for Order to Show Cause, which is currently before the Court. ECF No. 83. After consideration of Plaintiffs' supplemental memorandum, the Court FINDS AND RECOMMENDS that the

---

[1] Within fourteen days after a party is served with a copy of the Findings and Recommendation, that party may, pursuant to 28 U.S.C. § 636(b)(1)(B), file written objections in the United States District Court. A party must file any objections within the fourteen-day period allowed if that party wants to have appellate review of the Findings and Recommendation. If no objections are filed, no appellate review will be allowed.

district court award Plaintiffs $9,248.95 in fees.

ANALYSIS

The lodestar method set forth in Hensley v. Eckerhart, 461 U.S. 424 (1983) is appropriately used to calculate an award of attorneys' fees as sanctions. See, e.g., Bandalan v. Castle & Cooke Resorts, LLC, Civil No. 07-00591 DAE-LEK, 2009 WL 1955328, *3 (D. Haw. June 30, 2009). A reasonable fee is determined by multiplying "the number of hours reasonably expended on the litigation" by "a reasonable hourly rate." Hensley, 461 U.S. at 433. Once calculated, the lodestar amount is presumptively reasonable. See Penn. v. Del. Valley Citizens' Council for Clean Air, 483 U.S. 711, 728 (1987). A court may decide to adjust the lodestar figure based on an evaluation of several factors: the time and labor required, the preclusion of other employment by the attorney due to acceptance of the case, the customary fee, time limitations imposed by the client or the circumstances, the "undesirability" of the case, the nature and length of the professional relationship with the client, and awards in similar cases. See Kerr v. Screen Extras Guild, Inc., 526 F.2d 67, 70 (9th Cir. 1975); Fischer v. SJB-P.D., Inc ., 214 F.3d 1115, 1119 n.4 (9th Cir. 2000); Morales v. City of San Rafael, 96 F.3d 359, 364 n.9 (9th Cir. 1996); Davis v. City & Cnty. of SF, 967 F.2d 1536, 1549 (9th Cir. 1992), *vacated in part on other grounds*, 984 F.2d 345 (9th Cir. 1993).

Plaintiffs request the following fees related to their

Motion for Order to Show Cause:

| Attorney | HOURS | RATE | TOTAL |
|---|---|---|---|
| Carl M. Varady, Esq. | 24.65 | $285.00 | $7,025.25 |
| Ashley V. Labasan, Esq. | 12.05 | $150.00 | $1,807.50 |
| 4.712% General Excise Tax | | | $416.20 |
| **TOTAL** | | | **$9,248.95** |

See ECF No. 83 at 10-11; ECF No. 83-1 ¶¶ 2-4[2]; ECF No. 83-2.

In determining whether an hourly rate is reasonable, "the district court should be guided by the rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation." Webb v. Ada County, 285 F.3d 829, 840 (9th Cir. 2002) (citing Chalmers v. City of L.A., 796 F.2d 1205, 1210-11 (9th Cir. 1986)). As previously found by the Court, see ECF No. 69, the Court finds that a reasonable rate for Mr. Varady is $285 per hour. Ms. Labasan was admitted to the bar in 2013 and requests a rate of $150 per hour. ECF No. 83-1 ¶ 3. The Court finds that this is a reasonable hourly rate. The Court has reviewed counsel's timesheets and finds that the hours requested were reasonably expended in this litigation. See ECF No. 83-2. In total, the Court finds that Plaintiffs have established the appropriateness of an award of attorneys' fees in the amount of $9,248.95.

---

[2] Plaintiffs acknowledge that the Court previously determined in this case that $285.00, not the requested rate of $375.00, was a reasonable hourly rate for Mr. Varady. ECF No. 83 at 9; ECF No. 83-1 ¶ 2.

3

Plaintiffs also request that the Court apply a multiplier of two based on Defendant's behavior that precipitated Plaintiffs' Motion for Order to Show Cause. See ECF No. 83 at 11-15. Although the Court has discretion to adjust the lodestar calculation under certain circumstances, the Court declines to do so here. Notably, Plaintiffs did not request that the Court apply a multiplier to the requested attorneys' fees in its Motion for Order to Show Cause. See ECF No. 70; ECF No. 73. The Court previously found and recommended that an award of attorneys' fees, without any multiplier, was an appropriate sanction. ECF No. 81. Plaintiffs did not object to the Court's findings and recommendation, which was subsequently adopted by the district court. See ECF No. 82. The Court recommends that the district court deny Plaintiffs' request to apply a multiplier.

## CONCLUSION

The Court FINDS and RECOMMENDS that the district court AWARD Plaintiffs $9,248.95 in attorneys' fees.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, MAY 27, 2014.

Richard L. Puglisi
United States Magistrate Judge

**D.S., ET AL. V. DEP'T OF EDUC., STATE OF HAW.; CIVIL NO. 12-00533 DKW-RLP; FINDINGS AND RECOMMENDATION REGARDING AN AWARD OF ATTORNEYS' FEES TO PLAINTIFFS**